IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-02231-RMR-KAS

SOUTHSTATE PRIVATE CAPITAL MANAGEMENT LLC, f/k/a Private Capital
Management, LLC,

     Plaintiff,

v.

CRUSONIA WEALTH ADVISORS, LLC,
COLLIN SCHMIDT,
GARY WAGNER,
AMY WARRENDER, and
RACHEL MCGUIRE

     Defendants.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Defendants Collin Schmidt and Rachel McGuire's **Motion for Leave to Assert Counterclaims for Declaratory Relief** [#82] (the "Motion"). Plaintiff filed a Response [#88], and Defendants Schmidt and McGuire filed a Reply [#100]. The Motion [#82] has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1), and D.C.COLO.LCivR 72.1(c)(3). *See Order Referring Motion* [#83].[1] The Court has reviewed the briefs, the case file, and the applicable law. For the reasons stated below, the Motion [#88] is

---

[1] All parties do not consent to magistrate judge jurisdiction. *See Scheduling Order* [#47] at 9.

**DENIED as moot**[2] because Defendants Schmidt and McGuire were entitled to assert counterclaims as a matter of right without seeking leave of court.

## I.    Background

Plaintiff SouthState Private Capital Management LLC (formerly known as Private Capital Management, LLC) is a "Colorado-based investment advisory firm with hundreds of high-net-worth clients." *Am. Compl.* [#60] at 1. Plaintiff brings this action against its competitor, Crusonia Wealth Advisors, LLC ("Crusonia"), and four former employees—Defendants Collin Schmidt, Gary Wagner, Amy Warrender, and Rachel McGuire (collectively, the "individual Defendants")—alleging that the individual Defendants "coordinated their departures, walked out the door without providing advanced notice and, in concert with a direct competitor, Crusonia, began soliciting PCM clients and employees in clear violation of binding non-solicitation and confidentiality agreements." *Id.* at 1-2.

Plaintiff filed its original Complaint [#1] on July 21, 2025, asserting the following claims: (1) breach of contract against the individual Defendants with respect to certain employment, confidentiality, and non-solicitation agreements between Plaintiff and the individual Defendants; (2) misappropriation of trade secrets pursuant to the Defend Trade Secrets Act, 18 U.S.C. § 1836 *et seq.*, and the Colorado Uniform Trade Secrets Act, § 7-74-101 *et seq.*, against all Defendants; (3) tortious interference with contract against

---

[2] "Courts in this circuit have found that a magistrate judge's ruling on a motion to amend is nondispositive 'particularly where the magistrate judge's order grants leave to amend and does not have the effect of removing any claim or defense.'" *Sunflower Condo. Ass'n, Inc. v. Owners Ins. Co.*, 16-cv-2946-WJM-NYW, 2018 WL 1755784, at *1 (D. Colo. Apr. 12, 2018) (quoting *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002)). Here, the undersigned's Order does not have the effect of removing any claim or defense, so the Court treats it as non-dispositive.

Crusonia; (4) tortious interference with contractual and business relationships against all Defendants; and (5) civil conspiracy against all Defendants. *Compl.* [#1] at 28-36.

All Defendants answered on September 26, 2025. *See Answers* [#37, #38, #39, #40, #41].

On March 4, 2026, Plaintiff filed a Notice of Filing First Amended Complaint [#59], stating that the amendment was made with all parties' consent. *See* FED. R. CIV. P. 15(a)(2). As relevant here, the First Amended Complaint [#60] added the following claims:

- Breach of the duty of loyalty against the individual Defendants;

- Aiding and abetting breach of the duty of loyalty against Crusonia;

- Breach of contract and breach of the implied covenant of good faith and fair dealing against Defendant Wagner with respect to an Asset Purchase Agreement between Plaintiff and Defendant Wagner;

- Unjust enrichment against Defendants Wagner and Crusonia;

- Tortious interference with contract against Crusonia with respect to the Asset Purchase Agreement between Plaintiff and Defendant Wagner; and

- Tortious interference with business relationships against Crusonia.

*See Plf.'s Ex. 1, Redlined Proposed Am. Compl.* [#59-1] at 36-45.

On March 30, 2026, Defendants McGuire and Schmidt answered the First Amended Complaint [#60], and in so doing, asserted identical counterclaims against Plaintiff for the first time. Specifically, Defendants McGuire and Schmidt asserted counterclaims for declaratory judgment, seeking judicial declarations that (1) any non-solicitation/non-competition agreements that they signed during their employ with Plaintiff are void pursuant to Colo. Rev. Stat. 8-2-113 because the primary purpose of any such

agreement was not for the protection of trade secrets; (2) contact information for Plaintiff's customers stored on Defendants McGuire's and Schmidt's personal cell phones are not trade secrets; and (3) an unspecified declaration concerning "the scope of [Defendants McGuire's and Schmidt's] post-employment conduct including, but not limited to, the ability to advise PCM customers that [they were] leaving, or had left, PCM to join Crusonia." *Schmidt Answer and Counterclaim* [#77] at 83; *McGuire Answer and Counterclaim* [#78] at 78.

The parties conferred about whether Defendants McGuire and Schmidt were entitled to assert counterclaims for the first time in response to an amended complaint without leave of court, and about the possibility that Plaintiff would file a motion to strike pursuant to Fed. R. Civ. P. 12(f). After those conferrals, Defendants McGuire and Schmidt filed the instant Motion [#82] "[o]ut of an abundance of caution," even though they maintained that they could assert the counterclaims as a matter of right. *Motion* [#82] at 3. The Court held a hearing on the Motion [#82] on May 13, 2026, and took the matter under advisement. *Courtroom Minutes* [#102].

## II.    Standard of Review

"Pursuant to Federal Rule of Civil Procedure 15(a)(3), once an amended pleading has been filed, 'any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.'" *Menapace v. Alaska Nat'l Ins. Co.*, No. 20-cv-00053-REB-STV, 2021 WL 2012324, at *6 (D. Colo. May 20, 2021) (quoting FED. R. CIV. P. 15(a)(3)). "Neither the Supreme Court nor the Tenth Circuit has addressed whether a defendant may file amended counterclaims and new affirmative defenses as of right in

4

response to an amended complaint or whether and to what extent they must seek leave to file an amended pleading pursuant to Rule 15(a)(2)." *Id.* (collecting cases).

Courts take a range of approaches in determining whether leave of court is required to add a counterclaim in response to an amended complaint. *See id.* (citing *Hydro Eng'g, Inc. v. Petter Invs., Inc.,* No. 2:11-CV-00139-RJS, 2013 WL 1194732, at *2 (D. Utah Mar. 22, 2013)); *Meeker v. Life Care Ctrs. of Am., Inc.*, No. 14-cv-02101-WYD-NYW, 2016 WL 11693715, at *3 (D. Colo. Apr. 11, 2016), *report and recommendation adopted*, 2016 WL 11693705 (D. Colo. June 29, 2016). These approaches include: (1) the permissive approach, "which allows a defendant served with an amended complaint to add counterclaims without leave of court, regardless of the scope of changes made to the amended complaint"; (2) the narrow approach, which allows added counterclaims "as of right only if they directly relate to the changes in the amended complaint"; and (3) the moderate approach, which allows added counterclaims "if the amended complaint changes the theory or scope of the case; otherwise leave is required." *Meeker*, 2016 WL 11693715, at *3. But even the moderate approach has been applied in different ways with respect to the breadth of new counterclaims or defenses allowed. *Menapace*, 2021 WL 2012324, at *6.

However, "[c]ourts in this District that have considered the issue have consistently applied the version of the moderate approach that permits a defendant to plead new counterclaims and affirmative defenses without leave of the Court when a plaintiff files an amended complaint that changes the theory or scope of the case, *regardless of whether the new affirmative defense or counterclaim relates to the changes made to the amended complaint*." *Id.* at 7 (emphasis added). The Court perceives no reason to diverge from this

approach here. *See Meeker*, 2016 WL 11693715, at *3 (also adhering to the moderate approach).

### III.    Analysis

Whether Defendants Schmidt and McGuire were required to seek leave of court to add their counterclaims is informed by the following threshold question: whether the First Amended Complaint [#60] changed the theory or scope of the case. To be sure, the First Amended Complaint [#60] added several new claims and legal theories. *See Plf.'s Ex. 1, Redlined Proposed Am. Compl.* [#59-1] at 36-45. However, the majority of the added claims pertain to Defendants Wagner and Crusonia. Indeed, the only new claim asserted against Defendants Schmidt and McGuire is the breach of the duty of loyalty claim, which relies on a few newly asserted facts, but in large part, rests on the facts already alleged in the original complaint. See *id.* ¶¶ 102-07, 158-64.

The parties identified no case in this District, and the Court was unable to locate any in its own research, that speaks to whether the changes to a case's scope and theory through an amended complaint must correspond to the specific defendants seeking leave to add counterclaims. That question matters because, at first blush, the First Amended Complaint [#60] drastically impacts the theory and scope of the case *as to Defendants Wagner and Crusonia*, but the additions as to Defendants Schmidt and McGuire appear comparatively moderate.

However, in reviewing the record and the approaches followed by other courts in this District, the Court is satisfied that it need not break new ground in this area because courts in this District uniformly recognize that the addition of at least one new cause of action or theory of recovery is sufficient to justify the addition of new counterclaims without

leave of court. *See Meeker*, 2016 WL 11693715, at *3 (amendment that included the "addition of an entirely new cause of action against the [defendants]—breach of contract—and a completely new theory of recovery—damages for breach of contract, including exemplary and/or treble damages" entitled the defendants to amend their answer without leave of court); *cf. Menapace*, 2021 WL 2012324, at *6 (holding that an amendment to the complaint that only included factual allegations but did not "add any claims for relief or seek additional relief not requested in the original [c]omplaint" does not change the scope or theory of the case); *Sands v. Integon Nat'l Ins. Co.*, No. 18-cv-00714-PAB-NYW, 2020 WL 8188183, at *4 (D. Colo. June 12, 2020) (holding that the addition of a request for punitive damages and associated factual averments does not change scope or theory of the case, in part, because such amendment does not "force [the defendant] to respond to an entirely new cause of action or theory of recovery"); *Port-A-Pour, Inc. v. Peak Innovations, Inc.*, No. 13-cv-01511-WYD-BNB, 2016 WL 1258552, at *3 (D. Colo. Mar. 31, 2016) (same); *Woods v. Nationbuilders Ins. Servs., Inc.*, No. 11-cv-02151-CMA-KMT, 2014 WL 1213381, at *2 (D. Colo. Mar. 24, 2014) (same).

Here, the First Amended Complaint [#60] forced Defendants Schmidt and McGuire to respond to a new cause of action: breach of the duty of loyalty. *See Plf.'s Ex. 1, Redlined Proposed Am. Compl.* [#59-1] ¶¶ 158-64. It also forced Defendants Schmidt and McGuire to respond to a new theory of recovery: an award of disgorged wages for compensation paid to them during their "period of disloyal employment." *See id.* at 46. Therefore, even limiting the Court's review to the changes that directly impact Defendants Schmidt and McGuire, the First Amended Complaint [#60] changed the scope and theory

7

of the case. Defendants Schmidt and McGuire were thus entitled to add new counterclaims as a matter of right. *See Meeker*, 2016 WL 11693715, at *3.

### IV.    Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendant Schmidt's and Defendant McGuire's Answers to Amended Complaint and Counterclaims [#77, #78] are **accepted as filed**.

IT IS FURTHER **ORDERED** that the Motion [#82] is **DENIED as moot**.

Dated: June 10, 2026                    BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge